# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO.:_____ |
| vs. | ) ) | |
| GFI MANAGEMENT SERVICES, INC. and ROCKVILLE RISK MANAGEMENT ASSOCIATES, INC., | ) ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## COMPLAINT FOR BREACH OF CONTRACT, SUIT ON ACCOUNT, AND ATTORNEYS' FEES

**COMES NOW** Plaintiff Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC ("WWHGD"), and files this, its Complaint for Breach of Contract, Suit on Account, and Attorneys' Fees against Defendants GFI Management Services, Inc. ("GFI") and Rockville Risk Management Associates, Inc. ("Rockville") (collectively "Defendants"), and respectfully alleges as follows:

## PARTIES

1.

WWHGD is a law firm organized as a Georgia limited liability company and has its principal place of business at 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326.

2.

Defendant GFI is a New York corporation who can be served with process by delivery of the Summons and Complaint in this matter to its Registered Agent, National Registered Agents, Inc., at 289 S. Culver Street, Lawrenceville, GA 30046-4805.

3.

Defendant Rockville is a New York corporation that can be served with process by delivery of the Summons and Complaint in this matter to its principal office at 119 North Park Avenue, Suite 407, Rockville Centre, NY 11570.

## VENUE AND JURISDICTION

4.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between citizens of Georgia on the one hand, and citizens of New York on the other hand.

5.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

6.

WWHGD is a law firm based in Georgia which has provided legal services to Defendants.

7.

In September of 2015, Defendant GFI, through its third-party administrator, Rockville, retained WWHGD to represent it in a lawsuit that was then pending in the Superior Court of Fulton County, Georgia, styled as *Kirk Kleckley v. GFI Management Services, Inc.*, Civil Action File No. 2015CV261741 ("the Personal Injury Suit").

8.

The plaintiff in the Personal Injury Suit sought to hold Defendant GFI liable for the injuries of Mr. Kirk Kleckley as a result of his falling through a hole in the

floor of his apartment, owned by Defendant GFI, which occurred near Decatur, Georgia, on June 7, 2013.

9.

The plaintiff in the Personal Injury Suit alleged that the injury was the result of Defendant GFI's failure to maintain safe premises.

10.

Defendant Rockville entered settlement negotiations with the plaintiff on behalf of Defendant GFI.  During these negotiations, Defendant Rockville allowed the case to enter default on August 31, 2015.

11.

On September 17, 2015, Defendant Rockville contacted WWHGD to provide representation and legal services in the Personal Injury Suit.  At the outset, WWHGD moved to open default, but was denied; therefore, this case was to be tried exclusively on the damages, as all liability alleged was *de facto* admitted.

12.

On November 30, 2015, WWHGD sent its first email inquiring about unpaid bills, and documents the acknowledgment by Defendant Rockville that payment will be made.

13.

On December 14, 2015, WWHGD entered into an email exchange with Nationwide Insurance, Defendant GFI's insurer, inquiring whether Defendant GFI had remained in contact with Plaintiff WWHGD; WWHGD responded that it had not recently heard from Defendant GFI despite sending almost daily status reports.

14.

On January 6, 2016, WWHGD emailed Defendants GFI and Rockville seeking assurance that WWHGD's legal fees would be paid because none had been paid so far.

15.

On February 1, 2016, WWHGD emailed Defendants GFI and Rockville asking to discuss the legal fee invoices and notifying that WWHGD intended to withdraw representation if the legal fees were not paid by February 15.

16.

On February 4, 2016, WWHGD entered into an email exchange with Nationwide Insurance, wherein WWHGD informed Nationwide Insurance of its intentions to withdraw representation and Nationwide Insurance responded that it was aware of the situation and was not surprised by WWHGD's intention to withdraw.

17.

On February 18, 2016, WWHGD sent a letter to Defendants GFI and Rockville providing formal notice of WWHGD's intent to request permission from the Court to withdraw from the case in 10 days.

18.

On March 31, 2016, WWHGD sent a demand letter to Defendants GFI and Rockville for $96,032.76 (the total amount in legal fees due to this point), and attached all itemized invoices from WWHGD.

19.

During the entirety of the life of the Personal Injury Suit, WWHGD served as lead counsel for Defendant GFI.

20.

In May of 2016, the Personal Injury Suit reached settlement favorable to Defendants GFI and Rockville.  Attorneys employed by WWHGD served as counsel throughout the pre-trial proceedings and settlement negotiations.

21.

WWHGD provided valuable legal services to the Defendants throughout the pendency and conclusion of the Personal Injury Suit.

22.

WWHGD has an agreement with Defendant Rockville under which the Defendants agreed to pay WWHGD's reasonable attorneys' fees associated with the defense of the Personal Injury Suit.

23.

The Defendants currently owe WWHGD the total principal sum of $105,680.00, exclusive of interest, for the reasonable and necessary legal services that WWHGD provided to or on behalf of the Defendants.

24.

The amounts owed to WWHGD by the Defendants are detailed in separate invoices as follows:

A.      The Defendants owe WWHGD the sum of $13,698.05 on Invoice No. 261362, dated October 14, 2015;

B.      The Defendants owe WWHGD the sum of $18,031.73 on Invoice No. 262284, dated November 23, 2015;

C.      The Defendants owe WWHGD the sum of $17,635.71 on Invoice No. 263223, dated December 22, 2015;

D.      The Defendants owe WWHGD the sum of $35,903.28 on Invoice No. 264191, dated January 27, 2016;

E.      The Defendants owe WWHGD the sum of $5,371.99 on Invoice No. 265043, dated February 23, 2016;

F.      The Defendants owe WWHGD the sum of $5,392.00 on Invoice No. 265959, dated March 21, 2016;

G.      The Defendants owe WWHGD the sum of $5,715.42 on Invoice No. 267923, dated May 3, 2016;

H.      The Defendants owe WWHGD the sum of $2,780.72 on Invoice No. 268024, dated May 20, 2016; and

I.      The Defendants owe WWHGD the sum of $1,151.10 on Invoice No. 274851, dated July 5, 2016.

25.

Despite repeated demand, the Defendants have failed to pay or otherwise satisfy the outstanding sums owed to WWHGD.

## COUNT 1 – BREACH OF CONTRACT

26.

WWHGD repleads and incorporates herein by reference the allegations contained in Paragraphs 1 through 25 of this Complaint.

27.

The Defendants entered into an agreement with WWHGD whereby the Defendants were required to pay WWHGD for the legal fees and expenses of litigation that WWHGD incurred in the defense of the Personal Injury Suit.

28.

Despite repeated demands, the Defendants have failed and refused to pay the amounts owed to WWHGD under their agreement.

29.

The Defendants are currently indebted to WWHGD in the principal amount of $105,680.00.

30.

WWHGD has fully performed all conditions precedent to its receipt of the principal amounts owed to it pursuant to its agreement with the Defendants.

31.

The Defendants' failure to pay WWHGD the sum of $105,680.00 for the reasonable and necessary legal services WWHGD provided in the defense of the Personal Injury Suit and the expenses incurred therewith is a breach of the Defendants' contract with WWHGD, thereby entitling WWHGD to a judgment in the principal amount of $105,680.00.

32.

WWHGD is entitled to recover interest at the legal rate pursuant to O.C.G.A. § 7-4-2 on the liquidated principal balance owed of $105,680.00 at the legal rate of 7% per annum.

## COUNT 2 – SUIT ON OPEN ACCOUNT

33.

WWHGD repleads and incorporates herein by reference the allegations contained in Paragraphs 1 through 32 of this Complaint.

34.

The Defendants had a commercial account with WWHGD whereby WWHGD would provide legal services and would advance expenses of litigation in the defense of the Personal Injury Suit in exchange for the Defendants paying WWHGD within thirty (30) days of the Defendants' receipt of WWHGD's invoices.

35.

WWHGD has satisfied all conditions precedent necessary for it to be entitled to receive payment on the past due principal balance in the amount of $105,680.00 owed by the Defendants.

36.

The Defendants have breached the open account they had with WWHGD due to the Defendants' failure to pay the total sum of $105,680.00 in reasonable and necessary legal fees and litigation expenses incurred by WWHGD in the defense of the Personal Injury Suit.

37.

Pursuant to O.C.G.A. § 7-4-16, WWHGD is entitled to interest at the rate of 1.5% per month, equal to 18% per year, on all principal sums due and owing under the commercial account that WWHGD had with the Defendants.

38.

As of the date of this Complaint, the Defendants are indebted to WWHGD in the principal amount of $105,680.00, plus interest at the rate of 18% per annum.

## COUNT 3 – ATTORNEYS' FEES AND EXPENSES OF LITIGATION

39.

WWHGD repleads and incorporates herein by reference the allegations contained in Paragraphs 1 through 38 of this Complaint.

40.

The acts of the Defendants in failing and refusing to pay the past due principal sum of $105,680.00, plus interest on the individual invoiced amounts

which comprise said sum, are in bad faith, are stubbornly litigious, and have caused WWHGD such unnecessary trouble and expense that it is entitled to an award of its attorneys' fees and expenses of litigation.

**WHEREFORE**, WWHGD respectfully prays as follows:

a.    That process issue as to each of the Defendants;

b.    That the Court award it judgment against each of the Defendants, jointly and severally, as to Count 1 of this Complaint, for damages in the principal amount of $105,680.00, plus interest at the legal rate of 7% per annum on the invoiced sums which comprise the principal amount owed by the Defendants;

c.    That the Court award it judgment against each of the Defendants, jointly and severally, as to Count 2 of this Complaint, for damages in the principal amount of $105,680.00, plus interest at the legal rate of 18% per annum on the invoiced sums which comprise the principal amount against the Defendants;

d.    That the Court award it judgment against each of the Defendants, jointly and severally, as to Count 3 of this Complaint, for the reasonable and necessary attorneys' fees and expenses of litigation that the Plaintiff incurred in bringing this action pursuant to O.C.G.A. §13-6-11;

e.    That all costs be cast against the Defendants; and

f.    For such other relief as this Court deems just and necessary.

## DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff and hereby files and serves this, its Demand for Jury Trial pursuant to Fed. R. Civ. P. 38, and demands that all issues and claims pending in the above-referenced matter be tried to a jury of their peers in the United Stated District Court for the Northern District of Georgia.

Respectfully submitted this 17th day of July, 2018.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Johnathan T. Krawcheck_____
Johnathan T. Krawcheck
Georgia Bar No. 429320
Ross G. Bundschuh
Georgia Bar No. 698034
*Attorneys for Plaintiff*

3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
Telephone:  (404) 876-2700
Fax:  (404) 875-9433
jkrawcheck@wwhgd.com
rbundschuh@wwhgd.com

## RULE 5.1B CERTIFICATE OF TYPE, FORMAT, AND FONT SIZE

Pursuant to Local Rule 5.1B of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, and prepared in double spaces between lines using Times New Roman font of 14 point size.

Respectfully submitted this 17th day of July, 2018.

> WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
>
> /s/ Johnathan T. Krawcheck
> Johnathan T. Krawcheck
> Georgia Bar No. 429320
> Ross G. Bundschuh
> Georgia Bar No. 698034
> *Attorneys for Plaintiff*

3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
Telephone: 404-876-2700
Fax: 404-875-9433
jkrawcheck@wwhgd.com
rbundschuh@wwhgd.com